Filed 6/1/22  In re A.F. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.F., A Person Coming Under the Juvenile Court Law. | B312365 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.R.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP01246A) |

APPEAL from orders of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge.  Dismissed.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, and Kim Nemoy, Assistant County Counsel, for Plaintiff and Respondent.

The juvenile court assumed dependency jurisdiction over A.F. (Minor) after sustaining domestic violence and mental health allegations against Minor's mother E.R. (Mother) and father J.F. (Father). Mother noticed an appeal from the court's jurisdiction findings but Father did not. Then, during the pendency of this appeal, the juvenile court terminated jurisdiction over Minor. We consider whether Mother's appeal is moot in light of the juvenile court's order terminating jurisdiction.

## I. BACKGROUND

The Los Angeles County Department of Children and Family Services (the Department) received a call from Mother in January 2021. She informed the Department that Father sent her a suicide note via text message two days earlier. Father was subsequently hospitalized on an involuntary psychiatric hold and diagnosed with Severe Major Depression, single episode.

During its investigation of the family's welfare, the Department discovered a history of household violence between Mother and Father. Mother slapped Father with an open hand on one occasion before Minor was born. In another incident, which occurred after Minor's birth, Father slapped Mother with an open hand and Mother pushed Father; Mother told the Department that either she or Father was holding Minor during this fight. In 2021—during the Department's investigation—Father grabbed Mother's arms "really hard," pushed her, and trapped her in the bathroom. Minor was in the home and may have witnessed the violence because he later told his maternal grandmother that "daddy hit mommy."

2

The Department filed a dependency petition in March 2021 alleging the household violence and Father's mental and emotional problems put Minor at risk of suffering serious physical harm. The juvenile court sustained the petition's allegations at a hearing in May 2021. Minor was ordered removed from Father and sole legal and physical custody of Minor was given to Mother.

Mother appealed. After the appeal was filed, the juvenile court terminated dependency jurisdiction over Minor with an order continuing Minor in Mother's sole custody.

## II. DISCUSSION

A juvenile court order terminating dependency jurisdiction over a minor often renders moot an appeal challenging orders made earlier in the proceedings. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) That is the case here. The only relief Mother seeks by way of this appeal is reversal of the earlier jurisdiction findings, which would terminate juvenile court jurisdiction that has already been terminated. We accordingly cannot provide Mother with any effective relief in this appeal and her challenge to the juvenile court's jurisdiction findings is moot.[1]

---

[1] Mother's only argument to the contrary relies on an unconvincing, speculative assertion of possible future "stigma." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1494-1495 (*I.A.*).) Furthermore, even if the appeal were not moot, it would still be non-justiciable. Father did not appeal from the juvenile court's jurisdiction findings adverse to him. There would accordingly remain a valid basis for jurisdiction over Minor even if Mother's contentions on appeal presented a live controversy and were well taken. (See, e.g., *In re Briana V.* (2015) 236 Cal.App.4th 297,

3

(*In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.

---

308; *I.A.*, *supra*, 201 Cal.App.4th at 1492; *In re Alysha S.* (1996) 51 Cal.App.4th 393, 397.)